Joanne CLARK, Plaintiff–Appellant,

v.

William L. HENNINGER, Deputy
Sheriff, Defendant–Appellee.

No. 02–2391.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 14, 2002.[1]

Decided Oct. 2, 2002.

Rehearing and Rehearing En Banc
Denied Oct. 28, 2002.

Before FLAUM, Chief Judge, DIANE
P. WOOD, and WILLIAMS, Circuit
Judges.

ORDER

In Clark's prior appeal before this
Court, we affirmed the district court's dis-
missal of her 42 U.S.C. § 1983 claims
against all of the named defendants except
for a Fourth Amendment claim against
Henninger in his individual capacity. *See*
2000 WL 968044, *5 (7th Cir. July 11,
2000). On remand, the district court
granted Henninger's motion for summary
judgment, finding that Clark was collater-
ally estopped from arguing her Fourth
Amendment claim since the issue of a war-
rantless search was fully litigated during
Clark's state court proceedings. In this

---

1. This appeal is successive to No. 99–3071
and the same panel has retained it for deci-
sion. *See* Operating Procedure 6(b). After an
examination of the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the
briefs and the record. *See* FED. R.APP. P.
34(a)(2)

successive appeal, we agree with the district court and affirm the grant of summary judgment to Henninger.

Clark argues that we considered the merits of her Fourth Amendment claim in her first appeal to this Court and that, by the law of the case, her claim should be allowed to proceed. That is incorrect. Clark, as we described in detail in our earlier order, was arrested for battery by Henninger and two other officers during a confrontation in Clark's home. Our earlier order clarified Clark's 42 U.S.C. § 1983 pleadings, which mistakenly named Henninger (the arresting officer) in his official capacity rather than his individual capacity, and found that Clark's Fourth Amendment claim against Henninger survived a motion to dismiss. *See* 2000 WL 968044, at *3–4. We also determined that Clark's Fourth Amendment claim was not barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and remanded the case back to the district court.

■ Clark claims that our earlier order addressed any questions of preclusion regarding her Fourth Amendment claim and therefore the district court erred in finding that her claim is estopped due to the prior state court action. While we then found that Clark's Fourth Amendment claim against Henninger is not *Heck*-barred and that, based on the pleadings, Henninger did not enjoy a qualified immunity defense, we gave no opinion as to other possible bars to Clark's claim. Therefore, the law of the case does not preclude the district court's finding that Clark was estopped from bringing her claim.

■ As both parties agree, for collateral estoppel to be applied, we need to find that "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Nowak v. St. Rita High Sch.*, 197 Ill.2d 381, 390, 258 Ill.Dec. 782, 757 N.E.2d 471, 478 (Ill.2001). Clark only contests the applicability of the first two requirements. As to the first requirement, Clark admits that her state court criminal proceedings had at issue "the lawfulness of [her] arrest which in part was whether there was probable cause." Appellant's Brief at 16. Substantively, this is the same issue as "the entry into her home without a warrant on three misdemeanors that deprive her constitutional rights under the Fourth Amendment," that she describes as at issue in her § 1983 claim. *Id.* Therefore, by her own admission, the first requirement is met.

As to the second requirement of finality, the state trial court denied Clark's motion to suppress on June 19, 1998, and the Illinois Supreme Court denied her final motion for leave to file an appeal on July 19, 2001. The district court granted summary judgment to Henninger on the basis of collateral estoppel on April 29, 2002. In Illinois, a judgment is considered final for collateral estoppel purposes if a court "determines the litigation on the merits so that if affirmed the only thing remaining is to proceed with the execution on the judgment." *Relph v. Bd. of Educ. of DePue United Sch. Dist. No. 103*, 84 Ill.2d 436, 441, 50 Ill.Dec. 830, 420 N.E.2d 147, 149 (Ill.1981). Clark mistakenly argues that the first case must be final before the second case is even filed-that cannot be correct, since that would mean that anyone who wished to defeat the application of collateral estoppel to their federal court proceedings could file their federal complaint while the state court action was still pending. Since the state court proceedings were final at the time the district court ruled on Henninger's summary judgment motion, the second requirement for finding collateral estoppel has been met.

Though there are times when findings of collateral estoppel may be excused to prevent unfair results to the estopped party, *see Nowak*, 197 Ill.2d 381, 258 Ill.Dec. at 391, 757 N.E.2d at 458, there is no evidence of unfairness here. At issue in both Clark's criminal trial and § 1983 action is whether Henninger had probable cause to enter Clark's home. That issue was fully considered by the state court during its consideration of Clark's motion to suppress, and the district court properly found no equitable reason to allow Clark to relitigate this already-settled issue.

Finally, Clark accuses the district court of bias, though these accusations only describe incidents where she received an unfavorable result. Based on these vague and unsubstantiated allegations, we find no indication of bias. We therefore find no reason to consider these claims.

For these reasons, we AFFIRM the decision of the district court.